

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                          Criminal No. 3:10CR134

ALLEN RYAN ALLEYNE,

    Petitioner.

**MEMORANDUM OPINION**

Allen Ryan Alleyne, a federal inmate proceeding with counsel, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 116) arguing that his conviction and sentence are invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). The Government filed a Motion to Dismiss the § 2255 Motion contending that it is barred by the relevant statute of limitations. (ECF No. 120.) For the reasons set out below, Alleyne's Johnson claim lacks merit and will be dismissed on that ground.

**I.    FACTUAL AND PROCEDURAL HISTORY**

A grand jury returned a two-count Indictment charging Alleyne with interference with commerce by threats and violence and aiding and abetting that offense, in violation of 18 U.S.C. §§ 1951(a) and 2 ("Hobbs Act robbery") (Count One) and use, carry, and possession of a firearm during and in relation to the crime of violence as alleged in Count One, and aiding and abetting that offense, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count Two). (Indictment 1-2, ECF No. 8.) A jury convicted Alleyne of

both counts. (ECF No. 67, at 1.) On February 2, 2011, the Court sentenced Alleyne to forty-six months of incarceration on Count One and eighty-four months of incarceration on Count Two to be served consecutively to Count One. (J. 2, ECF No. 76.)

On June 20, 2016, Alleyne filed this § 2255 Motion arguing that his conviction under 18 U.S.C. § 924(c) in Count Two must be vacated because of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Thereafter, the Government moved to dismiss, arguing that the § 2255 Motion is barred by the relevant statute of limitations. It is not necessary to address the timeliness of Alleyne's § 2255 Motion because it lacks substantive merit.

## II. ANALYSIS

Alleyne's Johnson claim plainly lacks merit. It is settled that a district court may summarily dismiss a § 2255 motion "if it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); see United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994); Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970) ("Where the files and records conclusively show that the prisoner is entitled to no relief, summary dismissal is appropriate.")

In Johnson, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal

2

Act [("ACCA")] violates the Constitution's guarantee of due process," 135 S. Ct. at 2563, because the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" in an unconstitutionally vague manner for the reason that the residual clause encompassed "conduct that presents a serious potential risk of physical injury to another." Id. at 2557-58 (citation omitted). Subsequently, in Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that "Johnson announced a substantive rule [of law] that has retroactive effect in cases on collateral review." Id. at 1268.

Alleyne contends that, after Johnson, the offense of Hobbs Act robbery and aiding and abetting that offense can no longer qualify as a crime of violence under 18 U.S.C. § 924(c)(3), and thus, that his conviction under Count Two must be vacated.

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. Id. § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. Id. § 924(c)(1)(A)(iii).

Until recently, the United States could demonstrate that an

3

underlying offense constituted a crime of violence if it established that the offense was a felony and satisfied one of two requirements. Namely, the statute defined a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

Id. § 924(c)(3). The Supreme Court recently invalidated the Residual Clause, or § 924(c)(3)(B), in United States v. Davis, 139 S. Ct. 2319, 2339 (2019). However, Hobbs Act robbery remains a qualifying crime of violence under the Force Clause. United States v. Mathis, --- F.3d ----, Nos. 16-4633, 16-4635, 16-4637, 16-4641, 16-4837, 16-4838, 2019 WL 3437626, at *16 (4th Cir. July 31, 2019) (citations omitted) (holding that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)"). Thus, Alleyne's claim lacks merit.

Lastly, the Court notes that the Fourth Circuit's recent decision in United States v. Simms, 914 F.3d 229 (4th Cir. 2019) does not alter the conclusion that Alleyne's § 924(c) conviction is predicated on a valid crime of violence under the Force Clause of § 924(c)(3)(A). In Simms, the defendant pled guilty to conspiracy to commit Hobbs Act robbery and to brandishing a firearm during and in relation to a "crime of violence," but later

4

challenged his brandishing conviction on the theory that Hobbs Act conspiracy could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). Id. at 232-33. Initially, the parties and the Fourth Circuit agreed that,

> conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the [Force Clause], as the United States now concedes. This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

Id. at 233-34 (citations to the parties' material omitted). Thereafter, the Fourth Circuit concluded that the Residual Clause of § 924(c) is void for vagueness. Id. at 236.

As explained above, unlike conspiracy to commit Hobbs Act robbery, the crime of Hobbs Act robbery itself and aiding and abetting that offense is a crime of violence under the Force Clause because it invariably requires the actual, attempted, or threatened use of physical force. United States v. St. Hubert, 909 F.3d 335, 351 (11th Cir. 2018), cert. denied, 139 S. Ct. 1394 (2019); see Mathis, 2019 WL 3437626, at *16; Salaam v. United States, Nos. 4:05-cr-01216-RBH-1, 4:16-cv-02248-RBH, 2019 WL 2269932, at *1-3 (D.S.C. May 28, 2019) (finding Hobbs Act robbery and aiding and abetting the same is a crime of violence under the force clause); United States v. Smith, No. RDB-18-0271, 2019 WL 1099947, at *4 (D. Md. Mar. 8, 2019) (finding same and denying

5

Motion to Dismiss a 924(c) charge on Johnson grounds). Accordingly, Alleyne's claim pursuant to Johnson lacks merit and will be dismissed.

### III. CONCLUSION

The § 2255 Motion (ECF No. 116) will be denied. The Government's Motion to Dismiss (ECF No. 120) will be denied as moot. Alleyne's claim and the action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Alleyne and counsel of record.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: September 10, 2019
Richmond, Virginia